J. S63011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KAREEM SAMPSON, : No. 3410 EDA 2015
:
Appellant :


Appeal from the PCRA Order, October 30, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0502081-1999


BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 20, 2016**

Kareem Sampson appeals from the order of October 30, 2015, dismissing his third PCRA[1] petition. We affirm.

The history of this case has been summarized by this court as follows:

> In March of 1999, [Appellant] telephoned Natise Johnson to question her about her brother's relationship with [A]ppellant's former fiancée, Crystal Mack.[Footnote 1] Unhappy with Natise Johnson's responses, [Appellant] went to Natise Johnson's home located at 5428 Lansdowne Avenue, in the City and County of Philadelphia. Natise Johnson had known [A]ppellant since middle school, so she allowed [him] into the living room where they began to talk. During their conversation, Natise Johnson informed [Appellant] that "Crystal was a big girl and could do whatever she wants." Frustrated with the situation, [A]ppellant put his gun to Natise Johnson's

---

\* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

face and ordered her to tell him the whereabouts of her brother and Mack. She refused. [A]ppellant fired four times in Natise Johnson's head. Natise Johnson was found dead on the kitchen floor by her father later that day when he returned from work. At the time of her murder, Natise Johnson was nine (9) months pregnant. Her unborn child died twenty minutes after the shooting from a lack of oxygen.

> [Footnote 1] Crystal Mack and the [A]ppellant had dated for years and shared a child. She had left the [A]ppellant's home and started dating Natise Johnson's brother.

Following a jury trial, [Appellant] was found guilty of the first degree murder of Natise Johnson and first degree murder of her unborn child. After [the] penalty phase, the jury could not reach a unanimous decision on the issue of penalty. Appellant was sentenced to two concurrent terms of life in prison without parole.

At trial, [A]ppellant was represented by Ronald Joseph, Esquire. Subsequent to trial Mitchell Strutin, Esquire, was appointed for direct appeal. On August 13, 2002, the Superior Court affirmed the judgment of sentence. Petition for Allowance of Appeal to the Supreme Court was filed and subsequently denied on April 14, 2003.

On September 2, 2003, [A]ppellant filed a **pro se** Post Conviction Relief Act (PCRA) petition. After the Commonwealth's response and [A]ppellant's supplemental response, the PCRA [c]ourt issued a [Rule] 907 Notice[2] on September 30, 2004 deeming the issues raised in the PCRA petition meritless. This appeal flows from the denial of [A]ppellant's PCRA petition.

---

[2] Pa.R.Crim.P. 907.

*Commonwealth v. Sampson*, 900 A.2d 887, 888-889 (Pa.Super. 2006), *appeal denied*, 907 A.2d 1102 (Pa. 2006), quoting PCRA court opinion, 6/22/05 at 1-2 (brackets in original). On May 23, 2006, in a published opinion, this court affirmed the denial of PCRA relief; appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 28, 2006. *Id.*

Appellant filed a second *pro se* PCRA petition on July 6, 2011, which was denied on April 30, 2013, following Rule 907 notice. Appellant did not file a notice of appeal from denial of his second PCRA petition. On December 1, 2014, appellant filed the instant PCRA petition, his third, seeking reinstatement of his appeal rights from denial of his second petition. Appellant claimed that he never received notice of the PCRA court's denial of his second petition. Following Rule 907 notice, appellant's third petition was dismissed on October 30, 2015, as untimely. The PCRA court found that appellant did not act with due diligence in presenting his claim. This timely appeal followed. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on December 21, 2015, the PCRA court filed a Rule 1925(a) opinion explaining the reasons for its dismissal of appellant's third PCRA petition.

Appellant has raised the following issue for this court's review:

> 1. Whether the lower Court abused its discretion in denying PCRA relief by failing to reinstate appellate rights to Appellant ***nunc pro tunc*** where Appellant establ[is]hed timeliness and

> due diligence, where the Court's offic[]er sent Notice of Judgment Order, 907 Dismissal Notice, and Memorandum Opinion to another prisoner and not Appellant, [and] as a result Appellant was denied Due Process of Law?

Appellant's brief at 5 (emphasis added).

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008), quoting *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003); *Commonwealth v. Vega*, 754 A.2d 714, 717 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

- 5 -

*Id.* at 1079-1080.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Yarris***, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. ***See Vega***, ***supra*** at 718.

*Id.* at 1080.

Instantly, the Supreme Court of Pennsylvania denied allowance of appeal on April 14, 2003. ***Commonwealth v. Sampson***, 821 A.2d 587 (Pa. 2003). Therefore, appellant's judgment of sentence became final for PCRA purposes on or about July 13, 2003, upon expiration of the time to file a petition for writ of ***certiorari*** with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1 (allowing 90 days to file a petition for writ of ***certiorari*** with the United States Supreme Court). Appellant filed the current petition, his third, on December 1, 2014, over 11 years later. Therefore, appellant's current PCRA petition is manifestly untimely on its face.

However, as previously stated, there are three exceptions under which a facially untimely PCRA petition may still be considered. Appellant attempts to invoke the after-discovered facts exception to the time restrictions of the PCRA, enumerated in Subsection 9545(b)(1)(ii). Appellant alleges that he did not know until November 2014, within 60 days of filing the instant petition, that his July 6, 2011 petition had been dismissed. (Appellant's brief at 12.) According to appellant, the PCRA court's April 30, 2013 order and memorandum dismissing his petition contained the wrong prisoner identification number. (*Id.* at 10.) Appellant relies on *Bennett*, in which our supreme court found that appointed counsel had abandoned the appellant by failing to file an appellate brief, resulting in dismissal of the appeal. The *Bennett* court held that this allegation brought the appellant's claim within the ambit of Subsection 9545(b)(1)(ii) and distinguished the *Gamboa-Taylor* line of cases, in which it was held that an allegation of PCRA counsel's ineffectiveness cannot be invoked as a newly-discovered "fact" to circumvent the one-year time limitation.[3] Crucial to the analysis in *Bennett* was that a defendant is entitled to assistance of counsel on a *first* PCRA petition:

> As part of the PCRA process, indigent petitioners
> may apply for the assistance of counsel for purposes
> of their first PCRA petition. We have held this rule to

---

[3] *Gamboa-Taylor*, *supra* (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *see also Breakiron*, 781 A.2d at 97 (allegations of ineffective assistance of counsel will not avoid the timeliness requirement of the PCRA).

> be absolute inasmuch as we have concluded that a petitioner need not establish that his petition is timely before he or she is entitled to the appointment of counsel. ***See***, ***e.g.***, ***Commonwealth v. Smith***, 572 Pa. 572, 818 A.2d 494 (2003). To this end, it can be assumed that the PCRA court will appoint appropriate counsel, ***i.e.***, counsel that can and will raise potentially meritorious claims. In this same vein, while the performance of PCRA counsel is not necessarily scrutinized under the Sixth Amendment, the performance of counsel must comply with some minimum norms, which would include not abandoning a client for purposes of appeal.

***Bennett***, 930 A.2d at 1273-1274 (citations omitted).

In this case, appellant was not entitled to counsel on a serial, untimely PCRA petition. ***Commonwealth v. Kubis***, 808 A.2d 196, 200 (Pa.Super. 2002), ***appeal denied***, 813 A.2d 839 (Pa. 2002). Appellant already received the review to which he was entitled. Therefore, we find that appellant's reliance on ***Bennett*** is misplaced.[4]

Additionally, the petitioner in ***Bennett*** filed his PCRA petition within 60 days of the date it could have been presented, since it was filed fewer than 25 days after he received the letter from this court explaining that his appeal was dismissed due to PCRA counsel's failure to file a brief. ***Id.***, 930 A.2d at 1272 n.11. Instantly, appellant has not provided any description of steps he took to ascertain the status of his case, such that would satisfy

---

[4] As the Commonwealth observes, appellant also asserted that the governmental interference exception applied; however, he has abandoned that claim on appeal. (Commonwealth's brief at 12.)

Subsection (b)(1)(ii)'s due diligence requirement.[5]   Appellant must have received a copy of the PCRA court's October 14, 2011 Rule 907 20-day notice, because he filed a ***pro se*** response on October 26, 2011.  (Docket #30.)  Yet, as the PCRA court stated, "he failed to set forth the efforts he made to ascertain the status of his prior petition after the 907 notice was sent to him."  (PCRA court opinion, 12/21/15 at 3.)  The PCRA court did not err in finding that appellant failed to demonstrate he acted with due diligence to protect his own interests.

> Additionally, courts "will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong ***prima facie*** showing that a miscarriage of justice may have occurred." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).  "Appellant makes a ***prima facie*** showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Commonwealth v. Allen***, 557 Pa. 135, 732 A.2d 582, 586 (1999)[.]

***Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa.Super. 2014) (***en banc***), ***appeal dismissed as improvidently granted***, ___ A.3d ___, 2016 WL 3390813 (Pa. 2016) (***per curiam***).

---

[5] Appellant refers to various letters he allegedly sent inquiring about the status of his PCRA petition.  (Appellant's brief at 12.)  These letters do not appear in the certified record and do not exist for purposes of appellate review. ***Commonwealth v. Hallock***, 722 A.2d 180, 182 (Pa.Super. 1998).

In his July 6, 2011 PCRA petition, appellant leveled a bald, unsupported allegation that the trial court altered the transcripts in his case. (PCRA court opinion, 4/30/13 at 2.) Apparently, this claim was based on a newspaper article detailing an incident involving the same trial judge in an unrelated case. (*Id.*) This is hardly the sort of claim that would succeed in a serial PCRA petition.

For these reasons, the PCRA court did not err in dismissing appellant's third PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016