J-S83032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TOR ANTHONY STANKO, | : | |
| | : | |
| Appellant | : | No. 477 WDA 2016 |

Appeal from the Judgment of Sentence November 5, 2015
in the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0003156-2014

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED JANUARY 11, 2017**

Tor Anthony Stanko (Appellant) appeals from the judgment of sentence entered following his guilty pleas to numerous counts including dissemination and possession of child pornography.[1]  In addition to challenging the discretionary aspects of his sentence, Appellant challenges his classification under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  We affirm in part, vacate in part, and remand for proceedings consistent with this memorandum.

The trial court has provided the following summary of the history of the case.

---

[1] Appellant purports to appeal from the order that denied his post-sentence motions, but his appeal properly lies from the judgment of sentence.  **See**, **e.g.**, **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa. Super. 2014).  We have corrected the appeal paragraph accordingly.

*Retired Senior Judge assigned to the Superior Court.

On November 10, 2014, the Pennsylvania Office of Attorney General's [("OAG")] Bureau of Special Investigations - Child Predator Section in the Western Regional Office filed a criminal complaint against Appellant that contained the following charges: one count of sexual abuse of children (distribution of child pornography), 18 Pa.C.S.[] § 6312(c), ten counts of sexual abuse of children (possession of child pornography), 18 Pa.C.S.[] § 6312(d), one count of criminal use of a communication facility, 18 Pa.C.S.[] § 7512 (a), one count of manufacturing of a controlled substance, 35 Pa.C.S.[] § 780-113(a)(30), and one count of possession with intent to deliver a controlled substance, 35 Pa.C.S.[] § 780-113(a)(30). The charges arose as a result of an investigation that Agents of the [OAG] ("Agents") were conducting on October 9, 2014, which led Agents to locate a computer that was sharing files of suspected child pornography. Agents of the [OAG] identified the IP address as belonging to a Mr. Mark Stanko, Appellant's father. On November 10, 2015, Agents from the [OAG] and the Pennsylvania State Police executed a search warrant at 24 Grove Lane, Monongahela, Pennsylvania. Agents and Officers conducted a search of the residence. Multiple computers and other electronic media were among the items recovered from the residence. After a preview of some of the devices and/or media, apparent child pornography media files were discovered. Agents also discovered several mason jars and other containers filled with a substance appearing to be marijuana. After the search, the Appellant admitted to searching for, downloading, and viewing child pornography on his computer.

On November 10, 2015, [] Appellant was arraigned on the above charges, and his bail was set as $25,000 unsecured. A condition of Appellant's bail was that he not have unsupervised contact with minors and that he have no unsupervised use of the internet. On December 10, 2014, a preliminary hearing was held before Magisterial District Judge Mark Wilson, and all charges were bound over to the Washington County Court of Common Pleas. On February 2, 2015, the Commonwealth filed a bill of information against [] Appellant, which contained the same charges as the criminal complaint. On May 1, 2015, [] Appellant appeared before the [trial court] for plea court and indicated that he wished to enter an open plea. On July 21, 2015, Appellant entered an open plea to counts 1-12 and count 14, and the Commonwealth agreed to withdraw count 13 at

- 2 -

sentencing. Appellant appeared before the [trial court] for a sentencing hearing on [November 5], 2015. At said time, Appellant was sentenced [to an aggregate term of 18 to 60 months of incarceration, and found to be a Tier III offender for purposes of SORNA].

Trial Court Opinion, 5/27/2016, at 1-3 (unnecessary capitalization omitted).

Appellant timely filed a post-sentence motion to modify sentence, which ultimately was denied by operation of law. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents this Court with three questions:

A. Whether the trial court's rote statement of the factors to be considered in sentencing was an inadequate statement on the record of the trial court's reasons for the sentence imposed, which Pa.R.Crim.P. 704(C)(2) requires?

B. Whether the trial court's statement, in the opinion pursuant to Pa.R.A.P. 1925(a) "that undue risk existed that [] Appellant would commit another crime were he sentenced to a period of probation or partial confinement" is unsupported by the record?

C. Whether the trial court erred by classifying [Appellant] as a Tier III offender, concluding that [his] pleas of guilty to one count of dissemination of child pornography and ten counts of possession of child pornography within the same criminal information constitute "two or more convictions" of Tier I or Tier II sexual offenses under section 9799.14(d)(16) of the sentencing code where [Appellant] was engaged in one logically-related act from which he has had no opportunity to reform?

Appellant's Brief at 3 (trial court answers and unnecessary capitalization omitted).

Appellant's first two questions challenge the discretionary aspects of his sentence. We consider those questions mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal after filing a motion to modify sentence, and his brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether Appellant has presented a substantial question for our review.

"To convince us a substantial question exists, an appellant needs to advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process." *Commonwealth v. Feucht*, 955 A.2d 377, 383-84 (Pa. Super. 2008).

The first issue Appellant presents is that the trial court failed to state on the record the reasons for the sentence imposed. As such a statement is required by Pa.R.Crim.P. 704(C)(2), Appellant has raised a substantial question. *Commonwealth v. Hlatky*, 626 A.2d 575, 583 (Pa. Super. 1993). Appellant's second question presented contends that the trial court's finding that he presents a risk of reoffending if not subjected to total confinement is not supported by the record. Appellant's second claim also presents a substantial question. *Accord Commonwealth v. Walker*, 666 A.2d 301, 310 (Pa. Super. 1995) (holding substantial question raised by claim that factual findings as to restitution were not supported by the

record). Accordingly, we will examine the merits of both[2] of Appellant's

questions.

The trial court addressed Appellant's issues as follows.

> The [trial c]ourt in the above proceeding found, and the
> record supports, that undue risk existed that [] Appellant would
> commit another crime were he sentenced to a period of
> probation or partial confinement. On the record, the prosecution
> and the defense both presented arguments regarding the
> Appellant's internet use. The Commonwealth explained,
> "[Appellant] has still maintained [i]nternet activity. That's
> something that's problematic to the Commonwealth in these
> types of cases." The Defense acknowledged that [] Appellant
> continued to use the internet, but that "he has indicated to the
> Court that he has not looked at any such images and will not do
> so in the future." [] Appellant also testified to continuing use of
> the internet. When questioned as to whether [] Appellant
> understood the nature of the offense of which he was charged,
> he stated, "I understand that looking at it, that helps, I guess,
> helps the people want to put more out and I understand that … I
> don't want to help them put more out. So I'm definitely not
> going to look at it again."

> The record also supports that Appellant did not obtain
> treatment or counseling on his own. Appellant answered
> affirmatively that he would undergo counseling if the [trial c]ourt
> were to order any counseling or psychological treatment. As
> pointed out by the Commonwealth, however, Appellant did not
> seek counseling or treatment on his own accord between the
> time the charges were filed and the sentencing proceeding.

---

[2] In his 2119(f) statement, Appellant includes other issues that are unrelated to the questions he presents for our review and that are not developed in the argument section of his brief. **See** Appellant's Brief at 13 (stating, *inter alia*, that his sentence is "so manifestly excessive as to constitute too severe a punishment"). We do not consider those issues in conducting our substantial-question analysis. **See** Pa.R.A.P. 2116(d) (requiring any issues related to discretionary aspects of sentence to be included in the statement of questions presented); **Commonwealth v. Hallock**, 722 A.2d 180, 181 (Pa. Super. 1998) (providing that this Court will not consider issues that are not raised and developed in briefs).

The Commonwealth further explained that "[a]s per the Sexual Offender Assessment Board's [(SOAB)] evaluation, which is part of the record now, Your Honor, you will note that in that evaluation, they discuss the types of offenses that we are dealing with here, the likelihood for re-offense and things along those lines that would suggest to us that taking responsibility is at the forefront of changes in this behavior … actually changing the behavior and not maintaining access to the [i]nternet is part of how to curb this behavior and prevent any type of re-offense in the future." Furthermore, in the Pre-Sentence Investigation Report [(PSI)], which was admitted during the sentencing proceeding, Appellant made a statement that not only did he know that the pornography that he was downloading contained images of underage children, but that he looked at it because "it was different." When he was questioned as to whether he had looked at any [pornography] since his arrest, he answered, "Some. Not much. Not any underage." Therefore, the record indicates that Appellant neither terminated his use of the [i]nternet nor did he seek any type of treatment such that a sentence of total confinement would be unreasonable.

Testimony was also provided during the sentencing proceeding regarding Appellant's physical and mental state. Appellant testified regarding his paraplegia, which resulted from a car accident when he was seventeen years old. Appellant described his condition as follows:

> Defense Attorney: Do you have any feeling anywhere in your legs?
>
> Appellant: I have some feeling, but I can't feel like a determination of hot and cold. I can feel like when somebody touches my toe or something, you know, I can feel the pressure, I guess.
>
> Defense Attorney: How about from the waist up?
>
> Appellant: I have some dead spots like in my mid-section, but I, basically, can feel like from here up (indicating), like feel decent.
>
> Defense Attorney: You are indicating from your mid-chest up?

Appellant: Up, yeah.

Defense Attorney: Do you have disability in your arms?

Appellant: No, not really.

Defense Attorney: Do you have any difficulty with your hands?

Appellant: Yes.

Defense Attorney: What is that?

Appellant: I've got tendon damage in my right hand and I have a hard time, like - - sometimes opening them, I have a hard time.

The record also reflects that the Court reviewed the [PSI] that was prepared by Mr. Jeremy Crow. The [PSI] recognizes that Appellant had no prior record. It further acknowledges that Appellant only consumed alcohol occasionally, and that he used marijuana daily prior to being arrested. The [PSI] also notes that there are no problems in the areas described in the [PSI] as sexual, psychological or assault. It also recognizes that Appellant is wheelchair bound, but that he no longer does physical therapy or takes any medication. The [trial c]ourt stated, on the record, that in sentencing [] Appellant, it took into consideration "the [PSI] prepared by Mr. Crow … [and] the physical disabilities of [Appellant]."

\* \* \*

In the present sentencing, the record, in its entirety, reflects the necessary elements such that the court was aware of the various factors affecting [] Appellant and his sentence. The [trial c]ourt stated on the record:

So in imposing sentence, the court is taking into consideration the Pennsylvania Sentencing Guidelines … the [PSI] prepared by Mr. Crow; the rehabilitative needs of the Defendant; the physical disabilities of the Defendant; the particular

- 8 -

circumstances and gravity of the offense; the impact on the community; and the need for deterrence. After carefully weighing all of these factors, the court concludes that a sentence of total confinement is appropriate and that any lesser sentence would depreciate the seriousness of this crime.

Trial Court Opinion, 5/27/2016, at 8-11 (footnotes and citations omitted).

Our review of the record reveals that Appellant's challenges to the discretionary aspects of his sentence warrant no relief from this Court. First, the transcript of the sentencing hearing reveals that the trial court did in fact state the reasons for its sentence on the record, *see* N.T., 11/5/2015, at 58-60, after considering the information in the PSI as well as the mitigating circumstances testified to by Appellant and argued by defense counsel at the sentencing hearing, *see id.* at 24-35, 45-49. Thus, there is no merit to his claim that the trial court failed to comply with its duty under Pa.R.Crim.P. 704(C)(2).

Second, the trial court's conclusions are supported by the record. While the SOAB report indicated that there was insufficient evidence to conclude that Appellant suffered from a personality disorder or mental abnormality such as paraphilia that is associated with continued offending behavior, SVP Assessment, 10/5/2015, at 13, it also indicates that "[a]bsent treatment, there is no reason to believe that [Appellant] has the skills to manage his sexual abusive behaviors." *Id.* at 11. Further, the PSI indicates that Appellant not only continued to use the internet after his arrest, but

continued to view pornography.  PSI, 9/23/2015.  From this, and the gravity of the offenses,[3] the trial court acted within its discretion in concluding that a period of total confinement was warranted.  ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (explaining that, to demonstrate an abuse of sentencing discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision").

Appellant's remaining claim is that the trial court erred in classifying him as a Tier III sexual offender.  Under SORNA, a person convicted of a Tier I offense must register for 15 years.  42 Pa.C.S. § 9799.15(a)(1).  The registration period is 25 years for a Tier II offense.  42 Pa.C.S. § 9799.15(a)(2). Lifetime registration is required upon conviction of a Tier III offense.  42 Pa.C.S. § 9799.15(a)(3).

While Appellant's individual convictions were all either Tier I or Tier II offenses under 42 Pa.C.S. § 9799.14, subsection (d)(16) provides that two

---

[3] The transcript of Appellant's guilty plea proceeding is not in the record before us, but the affidavit of probable cause in the criminal complaint indicates that Appellant was charged with possessing videos showing prepubescent girls engaging in oral and vaginal sex with boys or adult men, as well as file sharing of a video of a young child (between the ages of eight and 12) removing her underwear and touching her genitals.  As our Supreme Court has explained, "each image of child pornography creates a permanent record of a child's abuse, which results in continuing exploitation of a child when the image is subsequently viewed."  ***Commonwealth v. Davidson***, 938 A.2d 198, 219 (Pa. 2007).

or more Tier I or II convictions result in classification as a Tier III offense. In sentencing Appellant in the instant case, the trial court applied this Court's determination that guilty pleas entered simultaneously counted as multiple convictions for purposes of sex offender registration. *Commonwealth v. Merolla*, 909 A.2d 337, 345 (Pa. Super. 2006). However, while this appeal was pending, our Supreme Court held that the statute at issue "requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration." *Commonwealth v. Lutz-Morrison*, 143 A.3d 891, 895 (Pa. 2016).

Under *Lutz-Morrison*, Appellant is a Tier II offender, not a Tier III offender, under 42 Pa.C.S. § 9799.14, and is subject to 25 years of SORNA reporting rather than lifetime reporting. Therefore, although we affirm Appellant's judgment of sentence in all other respects, we vacate that portion of the sentencing order that classifies him as a Tier III offender and remand for entry of an order that classifies him as a Tier II offender.

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>1/11/2017</u>