J-S83021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK L. HILEMAN | : | |
| | : | |
| Appellant | : | No. 701 WDA 2018 |

Appeal from the Judgment of Sentence May 7, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000663-2017

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED APRIL 5, 2019

Appellant, Patrick L. Hileman, appeals from the judgment of sentence entered on May 7, 2018, following a jury trial. We affirm.

The facts of the crime are as follows. About 7:00 p.m. on July 2, 2016, Rachel Pletcher ("the victim"), who was eighteen weeks pregnant, Appellant, who was the victim's boyfriend, and their two children, ages one and two, left their home in Appellant's vehicle to watch fireworks at a lookout point three to four miles away. N.T., 4/2–3/18, at 20–22. As they started out, when the car made a noise, Appellant screamed at the victim, called her names, and accused her of failing to put oil in his vehicle. Id. at 24–25. After adding oil to the car, Appellant began driving very fast and erratically, causing the vehicle to fishtail on the gravel. Id. at 25, 27. When Appellant continued in this manner, the victim told him "to stop, slow down, quit it, you're scaring

the kids. . . ." Id. at 27. After a mile or two, the victim told Appellant she would call the police if he did not slow down. Id. at 28.

As the victim reached for her purse on the floor to retrieve her cellular telephone, Appellant stopped the car and put it in park, but left the engine running. N.T., 4/2–3/18, at 29–30. The victim bent down to get her telephone, and Appellant grabbed the back of her hair and slammed her head off the dashboard multiple times. Id. at 29–30. When Appellant stopped the assault, the victim struck Appellant in the face to stun him so she could exit the vehicle. Id. at 32. As the victim attempted to get out of the car, Appellant put the vehicle into drive and accelerated, dragging the victim in the process. Id. at 32–34. When Appellant finally stopped, the victim pulled herself back into the vehicle because, as she testified, her "kids were in there. I wasn't letting him take my kids." Id. at 35.

The victim asked Appellant to go back and get her shoes that had been lost when she was dragged. N.T., 4/2–3/18, at 35. Appellant backed up, stopped the car, and the victim put her legs out of the car while still seated, to stand up. Id. at 37. Appellant pushed the victim out of the vehicle, causing her to fall face-first to the ground. Id. at 38. Appellant then put the car into drive and ran over the victim in the process. Id. at 39. At that point, the victim lost consciousness. Id.

The victim was life-flighted to the hospital, where she underwent brain surgery for intracranial hemorrhage and surgeries on her leg and crushed

ankle.  N.T., 4/2–3/18, at 42–43.  The victim was hospitalized from July 2, 2018, until August 2, 2018.  Thereafter, because she contracted MRSA[1] of the brain after the initial brain surgery, the victim had to return to the hospital twice, once for another brain surgery and again because the infection was not responding to medication.  Id. at 47–48.  At the time of trial, the victim was facing another surgery on her leg.  Id. at 52.  The trial court noted that the victim suffers from headaches, has lost her sense of smell, and cannot hear out of her right ear.  Trial Court Opinion, 7/17/18, at 3.

The jury found Appellant guilty of one count of aggravated assault by vehicle, two counts of endangering the welfare of a child, and three counts of recklessly endangering another person.[2]  On May 7, 2018, the trial court sentenced Appellant to an aggregate term of imprisonment of one to two years.  Order, 5/7/18.  Appellant did not file post-sentence motions.  Appellant filed a timely notice of appeal; both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

1. Whether the Honorable Trial Court erred in denying [Appellant's] Motion For a Mistrial based upon learning that a

_____

[1]  MRSA refers to "methicillin-resistant staphylococcus aureus, . . . a contagious bacterial infection."  Seebold v. Prison Health Servs., Inc., 57 A.3d 1232, 1234 (Pa. 2012).

[2]  75 Pa.C.S. § 3732.1, 18 Pa.C.S. § 4304, and 18 Pa.C.S. § 2705, respectively.  The jury acquitted Appellant of aggravated assault, aggravated assault of unborn child, and simple assault.  Trial Court Opinion, 7/17/18, at 1.

juror(s) had drawn on and marked a picture admitted into evidence showing injuries sustained by the victim?

2. Whether the Trial court erred and abused its discretion in denying Defense Counsel's request for continuance based upon unavailability for the prosecuting Pennsylvania State Trooper?

3. Whether the Honorable Court erred in prohibiting Defense Counsel from using a prior inconsistent statement made by the victim contained in the probable cause affidavit of the arrest warrant to impeach the victim's testimony during her cross-examination?

Appellant's Brief at 4.

Appellant first argues that the trial court erred in denying his motion for a mistrial, where a juror had made markings on a photograph that had been admitted into evidence.[3]  Appellant's Brief at 9.  In reviewing a trial court's denial of a motion for a mistrial, "our standard is abuse of discretion." Commonwealth v. Bryant, 67 A.3d 716, 728 (Pa. 2013).  "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, … discretion is abused."  Commonwealth v. Stollar, 84 A.3d 635, 650 (Pa. 2014) (citation omitted).  "A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial."

_____

[3]  While the Commonwealth described the mark as, "the jurors used a pen and placed a bracket next to the injury [the] victim sustained from Appellant's actions," we cannot confirm this description, as explained infra. Commonwealth Brief at 6.

Commonwealth v. Travaglia, 28 A.3d 868, 879 (Pa. 2011). Furthermore, a mistrial may be granted "only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." Commonwealth v. Parker, 957 A.2d 311, 319 (Pa. Super. 2008) (quoting Commonwealth v. Rega, 933 A.2d 997, 1016 (Pa. 2007)).

This issue is waived. The record certified to us on appeal does not include the photograph at issue, or any photographs admitted into evidence. See Commonwealth v. Powell, 956 A.2d 406, 423 (Pa. 2008) ("The Rules of Appellate Procedure place the burden on the appellant to ensure that the record contains what is necessary to effectuate appellate review . . . ."); see also Pa.R.A.P. 1921 note ("Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials."). We have stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. Commonwealth v. Boyd, 451 Pa. Super. 404, 679 A.2d 1284, 1290 (1996) (citing Commonwealth v. Young, 456 Pa. 102, 317 A.2d 258 (1974)). It is also well-settled in this jurisdiction that it is [the a]ppellant's responsibility to supply this Court with a complete record for purposes of review. Commonwealth v. Hallock, 722 A.2d 180, 181 (Pa. Super. 1998). "A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined." Boyd, 679 A.2d at 1290 (quoting Smith v. Smith, 431 Pa. Super. 588, 637 A.2d 622, 623 (1993), allocatur denied, 539 Pa. 680, 652 A.2d 1325 (1994)).

Commonwealth v. Martz, 926 A.2d 514, 524–525 (Pa. Super. 2007).

Even if not waived, the issue lacks merit. Thus, in the alternative, we would rely upon the trial court's explanation, as follows:

> The Court:    We've been notified that the jury has arrived at verdicts in the case.
>
> [Defense Counsel]:  May it please the Court, I have one issue before the jury is brought in. I've just been given the photographs from the jury deliberation room and I believe there's been jury misconduct because they all adulterated the photographs they were considering, so I'm asking for a mistrial coming in at 6:05.
>
> The Court:    May I see what you're referring to? So they've made marking on the photographs?
>
> [Defense Counsel]:  Yes.
>
> The Court:    How is that prejudicial?
>
> [Commonwealth]:   Your Honor, I don't believe it's prejudicial.
>
> [Defense Counsel]:  They're not taking the evidence as is. They are taking it in some other consideration as to what those letters mean in the particular areas that they mean. They are not going by the evidence before the [c]ourt, they are creating evidence.
>
> The Court:    I don't think that we can interpret this to mean that. You're asking [f]or a mistrial or something, [defense counsel?]
>
> [Defense Counsel]:  I am, yes.
>
> The Court:    That motion is denied. You may bring in the jury.

> N.T., 4/2-3/2018, at 135.

> The Record reveals that during deliberations the jury made markings on a photograph. The [c]ourt reviewed the exhibits including the markings and determined that the same was neither

- 6 -

"misconduct" by the jurors nor prejudicial to Appellant. It is within the discretion of the trial court to determine whether a defendant has been prejudiced by misconduct or impropriety to the extent that a mistrial is warranted. Commonwealth v. Cole, 167 A.3d 49 (Pa. Super. 2017). Appellant makes vague assertions that the effect of the markings was "emotional and inflammatory" without any rationale as to how or why the same should result in the granting of a mistrial. The motion was properly denied, and is without merit in this appeal.

Trial Court Opinion, 7/17/18, at 4. Additionally, Appellant has provided us with no case law in support of his claim, other than law relating to the denial or grant of a mistrial. If not waived, we would conclude the issue lacked merit.

Appellant next argues that the trial court erred in denying his request for a continuance based upon the unavailability of the prosecuting officer, Pennsylvania State Trooper, Joshua Janosko. Appellant's Brief at 12; Criminal Complaint, 3/31/17. Our standard of review regarding continuances is settled:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is over-ridden or misapplied, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record. The grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

Commonwealth v. Hansley, 24 A.3d 410, 418 (Pa. Super. 2011). Further, "[i]n reviewing a denial of a continuance, the appellate court must have regard for the orderly administration of justice[.]" Id. (citation omitted). "If testimony which an absent witness would give is merely cumulative or

available from another source, then a continuance may be properly denied." Commonwealth v. Howard, 353 A.2d 438, 439 (Pa. 1976).

Appellant avers that defense counsel "was deprived of the ability to exercise his client's Sixth Amendment right to confrontation of a material witness." Appellant's Brief at 13. In particular, Appellant contends, again without citing case law in support, that the unavailability of the trooper prevented Appellant from establishing that the victim "told him she jumped/fell out of the car as set forth in the probable cause affidavit of the arrest warrant." Id. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. Commonwealth v. Samuel, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citing Pa.R.A.P. 2119). Appellant exacerbates this deficiency by claiming that he "directly asked the Honorable Court to continue the matter to allow him to have the prosecuting officer testify, but this motion was denied," yet he fails to identify where in the record the motion was made. Appellant's Brief at 14.

Appellant's failure to cite to the notes of testimony where the continuance was requested is significant. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of a claim. Samuel, 102 A.3d at 1005; see also Commonwealth v. Perez, 93 A.3d 829, 838 (Pa. 2014) (claims failing to cite to the record are waived). The trial court, as well, noted Appellant failed to cite to the place in the record where

he made a motion for continuance based upon the unavailability of the prosecuting trooper. The trial court stated as follows:

> In contemplation of this issue, we initially note that when the Assistant District Attorney called the case for trial, the [c]ourt inquired of Defense Counsel, to which he responded, "May it please the [c]ourt. We are also prepared to proceed on behalf of the defendant." N.T., 4/2–3/2018, at 4.
>
> The Commonwealth did not call as a witness any police officer to testify at trial. Following the Commonwealth's evidence, Defense Counsel made a motion, off-the-record, for a continuance to secure an Affidavit. The substance of the motion was not of-record, but following the discussion, the [c]ourt memorialized the following:
>
> > The Court: And now that the jury is not here, also for purposes of the record, the [c]ourt did not permit the case to be continued for subpoenaing an Affidavit in a non-related case by a police officer. The [c]ourt has determined that the issue of falling versus pushed, one can certainly fall out [of] the vehicle if they are pushed, and that's what she has testified to, so the [c]ourt feels that the relevancy of push or fall is of little importance in this case.
>
> N.T., 4/2–3/2018, at 88.
>
> The [c]ourt specifically refers to Defense Counsel requesting an "Affidavit" in a "non-related case." This motion for continuance was not made for the absence of the prosecuting officer. Having failed to cite the Record, and the [c]ourt unable to ascertain the same, the allegation of error is without merit.

Trial Court Opinion, 7/17/18, at 5–6.

We note that any testimony the trooper could have offered was presented by the victim and apparently substantiated by the photographic exhibits and the medical evidence admitted at trial. Howard, 353 A.2d at 439 (if testimony that absent witness would give is merely cumulative or

available from another source, continuance is properly denied). Further, Appellant's Sixth Amendment right to confront witnesses against him was not deprived. At trial, three witnesses testified against Appellant, including the victim. While he cross-examined the victim, defense counsel declined to cross-examine the other two witnesses, the victim's friend, and a sister. N.T., 4/2–3/18, at 55–113, 79, 84. The absent trooper's report was not admitted into evidence. We find no demonstration of a "palpable and manifest abuse of discretion" by the trial court. Hansley, 24 A.3d at 418.

Appellant's final issue alleges trial court error in denying the use of the affidavit of probable cause to impeach the victim's testimony. Appellant's Brief at 14. We "will not disturb a ruling on the admission of evidence 'unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'" Commonwealth v. Price, ___ A.3d ___, 2019 PA Super 19, *8 (Pa. Super. filed January 28, 2019) (quoting Commonwealth v. Akrie, 159 A.3d 982, 986-987 (Pa. Super. 2017)). Moreover, "an erroneous ruling by a trial court on an evidentiary issue does not require us to grant relief where the error was harmless." Commonwealth v. Yockey, 158 A.3d 1246 (Pa. Super. 2017) (citing Commonwealth v. Chmiel, 889 A.2d 501, 521 (Pa. 2005)).

In denying this issue, the trial court stated as follows:

> Again, Appellant does not cite the record for this alleged error. The transcript reflects two sustained objections of counsel's attempts to impeach using an Affidavit of Probable Cause.

At trial, Defense Counsel's strategy was that [the victim] jumped from the car, rather than having been pushed by Appellant. N.T., 4/2–3/2018, at 97. First, on cross-examination following her direct examination, [the victim] was questioned by Defense Counsel as follows:

[Defense counsel]: You would agree that you told the police under oath that you jumped out of the car, you would agree to that, correct?

[The victim]  No.

Q: You would agree that you told Trooper Janosko that you fell from the car—

A: No.

Q: —that you were never pushed?

A: (No audible response.)

Q: What I have is an Affidavit of Probable Cause.

The Court: Which is not admissible, [defense counsel], for impeachment purposes.

[Defense counsel]: I'm sorry?

The Court: It is not admissible for impeachment purposes, you would have to call the officer.

[Commonwealth]: Your Honor, may we approach?

The Court: Sure.

[Defense counsel]: So your testimony is that you never told [Trooper] Janosko that you fell from the car?

A: No.

Q: You never said that?

A: No.

N.T., 4/2–3/2018, at 72–73.

Later, Appellant testified that he and [the victim] were arguing over a Protection from Abuse Order that she had received against him when she jumped from the SUV. Id. at 94. [The victim] was then called again by the Commonwealth as a rebuttal witness. Defense Counsel cross-examined on rebuttal as follows:

Q:  [Defense counsel]  And it's true that you told Officer Janosko that you fell from the car at the PFA we're speaking of?

A  [The victim]:        No.

[Commonwealth]:     Your Honor, I'm going to object.

The Court:       What's the basis of your objection?

[Commonwealth]:  It's outside the scope of the statements she gave to Trooper Janosko with respect to the PFA violation.

[Defense counsel]]:   It is not, it is the violation, it's right here.

[Commonwealth]:   And that is based off the Affidavit of Probable Cause and that's Trooper Janosko's statements.

The Court:       Counsel, please approach.

(Off the record discussion was held at the bench by Court and counsel.)

The Court:       Objection sustained.

N.T., 4/2–3/2018, at 115.

With regard to both lines of questioning, it appears to the Court that Defense Counsel was referring to the Affidavit of Probable Cause in this criminal action. Pennsylvania Rules of Evidence provides for impeachment at Rule 607(b), "Evidence to Impeach a Witness. The credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules."

A review of the Affidavit of Probable Cause on the issue of whether [the victim] was pushed out of the vehicle or whether she jumped was not distinguished by Trooper Joshua Janosko in the Affidavit. Rather, the only mention of [the victim's] ejectment from the vehicle stated, "This incident was described as a female falling from a pick-up truck." Trooper Janosko's use of the word "falling" does not indicate whether it was [the victim] who "jumped" or whether she was "pushed" by Appellant. Accordingly, the Affidavit of Probable Cause was not properly used for impeachment, first, because it is not relevant to the issue of whether or not [the victim] was "pushed" or "jumped" in accord with Defense Counsel's line of questioning. Second, the Affidavit was not proper impeachment evidence because the Trooper did not recite who provided the statement to him that [the victim] fell out of the vehicle. Specifically, the statement was not attributed as having been said by [the victim], and thus, cannot be used to impeach her credibility. Third, for proper impeachment, Appellant could have subpoenaed Trooper Janosko for trial testimony as to the statement received by him in support of the Affidavit of Probable Cause, but failed to do so. Trooper Janosko was not an essential witness for the Commonwealth as his testimony was not required for the Commonwealth to meet its burden of proof[,] and he was not present at trial.

Wherefore, this issue is also without merit and the appeal should be denied.

Trial Court Opinion, 7/17/18, at 6–8. We have reviewed the Affidavit of Probable Cause, and the verbiage and characterizations noted by the trial court are consistent with our review. Relying on the trial court's analysis, we conclude this issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/5/2019