441 A.2d 425

**COMMONWEALTH of Pennsylvania**

v.

**David W. GATES, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1981.

Filed Feb. 5, 1982.

Samuel K. Gates, York, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Robert C. Bell, Assistant Attorney General, Harrisburg, for Pennsylvania Dept. of Transp., appellee.

Before PRICE, JOHNSON and SHERTZ, JJ.

PER CURIAM:

On August 6, 1980, appellant, David Gates, was convicted of driving without a valid Pennsylvania driver's license.[1] He appealed directly to this court, contending that provision 1501 of the Motor Vehicle Code was unconstitutional and that the evidence was not sufficient to support the conviction. For the following reasons we vacate the judgment of sentence and remand to permit the filing of post verdict motions *nunc pro tunc.*

At approximately 2:45 p. m. on April 6, 1980, appellant was driving a Ford coupe in North Codorus Township, York County. Officer Henry Doll observed appellant commit a moving traffic violation and stopped his vehicle. The automobile's registration card listed appellant's name and a York County address. Appellant's driver's license was a Florida license, which listed a Florida address as appellant's residence. When asked about the discrepancy appellant responded that he had resided in Pennsylvania for several months, but that he did not have a Pennsylvania driver's license. Appellant was charged with driving without a valid Pennsylvania driver's license. Following a trial on August 6, 1980, appellant was found guilty and sentenced to a fine of $200 and to pay the costs of prosecution.

A defendant has ten days after a conviction of guilty in which to file post verdict motions. Pa.R.Crim.P. 1123. Any issue not raised by post verdict motion is deemed waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). In *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981), we held that the rule requiring post verdict motions is applicable to summary convictions. Appellant's appeal, therefore, generally would be barred by his failure to file post verdict motions. The record establishes, however, that the trial judge failed to inform appellant (1) of his right to file post verdict motions; (2) the time within which he could file such motions; and (3) the consequences of his failure to file post verdict motions. Thus, since the

1. 75 Pa.C.S.A. 1501(a).

trial court failed to inform appellant of his right to file post verdict motions, and because appellant filed his appeal prior to our holding in *Koch*, we remand for the filing of post verdict motions.[2]

The judgment of sentence is vacated and the case remanded for the filing of post verdict motions *nunc pro tunc.*

SHERTZ, J., did not participate in the consideration or decision of this case.

---

2. Contrary to the explicit mandate of Pa.R.A.P. 2111(a)(6), counsel for appellant has failed to include in his brief an argument for appellant. If this substantial defect is not remedied this case may be quashed on subsequent appeal. Pa.R.A.P. 2101.