510 A.2d 1244

**COMMONWEALTH of Pennsylvania**

v.

**Kevin DREW, Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 1986.

Filed June 12, 1986.

Francis E. Gleeson, Jr., Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before MONTEMURO, HOFFMAN and HESTER, JJ.

PER CURIAM:

This is a direct appeal from judgment of sentence for robbery and related offenses. We must quash the appeal, for appellant's brief is in almost total noncompliance with the rules related to form and content of appellate briefs.

Pennsylvania Rule of Appellate Procedure 2101 states that if the defects in the brief of the appellant are substantial, the appeal may be quashed. In this instance, the defects are indeed substantial. Appellant's counsel has made no serious attempt to comply with the following Pennsylvania Rules of Appellate Procedure:

2111(a) Brief of the Appellant—General rule

2114 Statement of Jurisdiction

2115 Order in Question

2116 Statement of Questions Involved

2117 Statement of the Case

2118 Summary of the Argument

2119(a) Argument—General rule

2119(b) Citations of authorities

634

2119(c)  Reference to record

2119(d)  Synopsis of evidence

2174(a)  Table of contents

2174(b)  Table of citations

As in *Commonwealth v. Taylor*, 306 Pa.Super. 1, 2, 451 A.2d 1360, 1361 (1982), the defects "are not mere matters of form or taste, [but] are the complete absence of those material sections of the brief which facilitate appellate review," so that "we find our ability to conduct appellate review severely impaired." As we stated in *Commonwealth v. Sanford*, 299 Pa.Super. 64, 67, 445 A.2d 149, 150 (1982), "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." In this instance, the total inadequacy of appellant's brief prevents us from ascertaining whether there is any possible merit to his appeal.

Pursuant to Pa.R.A.P. 2101, we have not hesitated to quash appeals for substantial noncompliance with these requirements. *Commonwealth v. Jones*, 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Davis*, 309 Pa.Super. 506, 455 A.2d 725 (1983); *A.M. Skier Agency, Inc. v. Pocono Futures, Inc.*, 308 Pa.Super. 481, 454 A.2d 637 (1982); *Commonwealth v. Taylor, supra; Commonwealth v. Sanford, supra; Commonwealth v. Gigli*, 287 Pa.Super. 347, 430 A.2d 319 (1981); *Commonwealth v. Holcomb*, 261 Pa.Super. 532, 396 A.2d 29 (1978); *Commonwealth v. Wyant*, 254 Pa.Super. 464, 386 A.2d 43 (1978). *See also Commonwealth v. Jackson*, 494 Pa. 457, 459 n. 1, 431 A.2d 944, 945 n. 1 (1981); *Big Knob Volunteer Fire Co. v. Lowe & Moyer Garage, Inc.*, 338 Pa.Super. 257, 260 n. 1, 487 A.2d 953, 955 n. 1 (1985); *Commonwealth v. Stoppie*, 337 Pa.Super. 235, 486 A.2d 994 (1984); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983); *Commonwealth v. Casner*, 315 Pa.Super. 12, 17 n. 2, 461 A.2d 324, 326 n. 2 (1983); *Ewing v. Oliver Realty, Inc.*, 305 Pa.Super. 486, 491 n. 2, 451 A.2d 751, 754 n. 2 (1982); *In re Wilson*, 303 Pa.

Super. 326, 328 n. 2, 449 A.2d 711, 712 n. 2 (1982); *Commonwealth v. Gates,* 295 Pa.Super. 213, 215 n. 2, 441 A.2d 425, 426 n. 2 (1982); *Commonwealth v. Rose,* 265 Pa.Super. 159, 166 n. 6, 401 A.2d 1148, 1152 n. 6 (1979); *Wicker v. Civil Service Comm'n,* 74 Pa.Cmwlth. 548, 460 A.2d 407 (1983).

Appeal quashed.