**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Gary HALLOCK, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1998.
Filed Dec. 8, 1998.

Robert J. McCormack, Jr., Dynmore, for appellant.

Lisa A. Gillick, Asst. Dist. Atty., Scranton, for Com., appellee.

Before KELLY, STEVENS and HESTER, JJ.

STEVENS, J.:

This is an appeal from the denial of Appellant's petition for post-conviction relief entered in the Court of Common Pleas of Lackawanna County. We affirm.

On March 1, 1991, Appellant pleaded guilty to seven counts of involuntary deviate sexual intercourse and one count of corruption of the morals of a minor, stemming from charges that he performed oral and anal sex on five young boys, while acting as their Salvation Army religion instructor; that he performed oral and anal sex on his nephew; and that he performed oral, vaginal and anal sex on his mentally disabled daughter. On June 19, 1991, Appellant was sentenced to five to ten years imprisonment on each of the seven counts of involuntary deviate sexual intercourse, and one to two years imprisonment on the corruption count, resulting in an aggregate sentence of thirty-six to seventy-two years imprisonment.

Appellant's petition for reconsideration of his sentence was denied by the lower court on July 23, 1991, and the denial was affirmed by this Court on April 6, 1992. On October 4, 1995, Appellant filed a *pro se* petition for collateral relief under the Post Conviction Relief Act (PCRA).[1] Counsel was appointed to represent Appellant, and a hearing on Appellant's PCRA petition was held on August 6, 1997. On December 29, 1997, the lower court denied the petition, and on January 23, 1998, Appellant appealed to this Court.

Appellant raises a single issue for our review: "Was Defendant induced to enter a Guilty Plea by the ineffective assistance of counsel due to said counsel's failure to properly inform Defendant as to sentencing guidelines, as well as by other promises made by the Commonwealth?" Appellant's brief at 3. Appellant provides no additional detail; although the argument section of his appellate brief consists of five and one half (5½) pages, it lacks specific allegations regarding the case at hand. Appellant alleges that he raised "several claims of ineffective assistance of counsel," and that "each of these claims have clearly served to prejudice the Defendant." Appellant's brief at 10. As we previously indicated, however, Appellant raised only one claim of ineffectiveness, and Appellant's brief makes no mention whatsoever of how this claim clearly served to prejudice Appellant. "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Drew*, 353 Pa.Super. 632, 510 A.2d 1244, 1245 (Pa.Super.1986).

Appellant's brief is insufficient in other respects as well. Pa.R.A.P. 2119 requires that the argument section of an appellate brief contain citation to any portion of the record referenced. Appellant's brief has failed to comply with this rule in any respect, despite case law which makes it abundantly clear that "[i]t is most important that counsel point out to the appellate court the place in the record which sustains the matters to which he is referring." *Commonwealth v. Stoppie*, 337 Pa.Super. 235, 486 A.2d 994, 996 (Pa.Super.1984). Further, although Appellant alleges that "[a] review of the totality of the circumstances, as reflected in the testimony at the Evidentiary Hearing reflects that the Defendant was provided false information and false promises,"[2] Appellant's

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. Appellant never describes what "false information" or "false promises" were allegedly provided.

brief at 12, Appellant has not only failed to cite to the portion of the evidentiary hearing transcript he references, but has failed to even provide this Court with a copy of that transcript. Further, a review of the certified record shows that no request for the transcript of the evidentiary hearing was ever made by Appellant. It is Appellant's responsibility to supply this Court with a complete record for purposes of appeal, Pa.R.A.P.1911, and we may not consider any information which is not contained in the certified record. *Smith v. Smith*, 431 Pa.Super. 588, 637 A.2d 622, 624 (Pa.Super.1994) ("[A] failure by an appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue sought to be examined."); *Commonwealth v. Quinlan*, 488 Pa. 255, 412 A.2d 494 (1980); *Commonwealth v. Buehl*, 403 Pa.Super. 143, 588 A.2d 522 (Pa.Super.1991).

Deviations from the Rules of Appellant Procedure such as those committed by Appellant are grounds for suppressing his appellate brief and quashing his appeal. Pa. R.A.P. 2101; *Stoppie*, 486 A.2d at 997 (citing *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (Pa.Super 1982)).

In *Drew*, we quashed an appeal for severe briefing defects, concluding that "the total inadequacy of appellant's brief prevents us from ascertaining whether there is any possible merit to his appeal." *Drew*, 510 A.2d at 1245. The only reason we decline to quash Appellant's appeal in this case is that the inadequacy of Appellant's brief does not prevent us from ascertaining that there is **no** merit to his appeal.

[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made."

*Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1004 (Pa.Super.1996). "To establish manifest injustice, a defendant must show that his plea was involuntary or was given without knowledge of the charge." *Commonwealth v. Young*, 695 A.2d 414, 417 (Pa.Super 1997).

[I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Young*, 695 A.2d at 417.

In the case *sub judice*, the transcript of the guilty plea colloquy shows that (1) Appellant understood the nature of the charges to which he plead guilty, N.T. Guilty Plea, 3/1/91 at 9, 13–14; (2) there was a factual basis for the plea, N.T. Guilty Plea, 3/1/91 at 19; (3) Appellant understood that he had a right to trial by jury, N.T. Guilty Plea, 3/1/91, at 9–10; (4) Appellant understood that a defendant is presumed innocent until found guilty, N.T. Guilty Plea, 3/1/91, at 9–10; (5) Appellant was aware of the permissible ranges of sentences and/or fines for the offenses charged, N.T. Guilty Plea, 3/1/91, at 16; and (6) Appellant was aware that a judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement, N.T. Guilty Plea, 3/1/91, at 15–16. It is clear that Appellant's guilty plea was neither involuntary nor unknowing, and, therefore, his claim of ineffectiveness with regard to that plea is without merit.

For the above reasons, the lower court's denial of Appellant's PCRA petition is affirmed.

Affirmed.