J-S07024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD JAMAR SEARS, JR. | |
| Appellant | No. 27 MDA 2016 |

Appeal from the Judgment of Sentence December 7, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000743-2014

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MAY 12, 2017**

Richard Jamar Sears, Jr., appeals, *pro se*, from his judgment of sentence, imposed in the Court of Common Pleas of Northumberland County, after a jury convicted him of weapons or implements of escape and prohibited offensive weapons.  For the following reasons, we quash the appeal.

Sears' brief is defective.  While he manages to comply with the Rules of Appellate Procedure regarding form, his 68-page argument section is a mishmash of repetitive, mostly incoherent rambling[1] in which he repeatedly

---

[1] To quote but one example of the brief's incoherence:

> In light of the Const. of 1968's lack of the requisite saving clause/saving schedule from Pennsylvania's Constitution of 1874, the ratification of the Constitution without inserting a saving schedule/saving clause to save or perserve [sic] all such

*(Footnote Continued Next Page)*

makes reference to unspecified acts of fraud committed by the judges and attorneys in this matter and accuses them of fabricating unnamed court documents. Sears makes multiple references to the Uniform Commercial Code, and alleges that the Magisterial District Judge asserted "authority to conduct a criminal action against [Sears] under a secret jurisdiction known only to judges and licensed attorneys[.]" Brief of Appellant, at 60. In short, the nature of Sears' brief is such that we find our ability to conduct appellate review severely impaired.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003). "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Drew***, 510 A.2d 1244, 1245 (Pa. Super. 1986), quoting ***Commonwealth v. Sanford***,

_(Footnote Continued)_ ─────────────────

> criminal/crimes statutes, laws, codes, and prosecutions existing prior to the ratification thereof, failed to save or perserve [sic] Pennsylvania's courts of common pleas's [criminal division] jurisdiction for criminal actions/criminal prosecutions; and all such laws, codes and statutes which were in existence prior to said adoption/ratification stemming from the Pennsylvania Constitution of 1874 had thus become repealed and/or null and void of any further force and effect.

Brief of Appellant, at 92.

445 A.2d 149, 150 (Pa. Super. 1982). In this instance, the total inadequacy of Sears' brief prevents us from ascertaining whether there is any possible merit to his appeal. Accordingly, we are constrained to quash the appeal.

Appeal quashed. Application for Relief and Application to Withdraw Application for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017