J-S11042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EMMANUEL LOPEZ, :
:
Appellant : No. 404 EDA 2017

Appeal from the PCRA Order November 30, 2016
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0001397-2014,
CP-39-CR-0003806-2014

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 29, 2018**

Emmanuel Lopez ("Lopez") appeals, *pro se*, from the November 30, 2016 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 7, 2014, Lopez entered a negotiated guilty plea to conspiracy to commit aggravated assault at Lehigh County case number 1397 of 2014 ("1397-2014") and aggravated assault at Lehigh County case number 3806 of 2014 ("3806-2014"). In exchange for his plea, the Commonwealth withdrew the remaining charges against Lopez. On January 6, 2015, the trial court sentenced Lopez to an aggregate term of 12 to 30 years in prison. Lopez did not file a direct appeal.

On January 22, 2015, Lopez, *pro se*, filed his first PCRA Petition. The PCRA court appointed Lopez counsel, who filed a Petition to Withdraw and a

"no-merit" letter pursuant to **Turner**/**Finley**.[1]  Following a hearing, the PCRA

court granted counsel's Petition to Withdraw and denied the Petition.  Lopez

filed a timely Notice of Appeal.

On appeal, Lopez raises the following questions for our review:

[I.] Did [Lopez's] counsel err for [failing] to give competent information regarding [the] [g]uilty [p]lea, causing [Lopez] to plead [g]uilty based on information erroneously given by trial counsel in regards to sentencing guidelines and [offense] gravity score?

[II.] Was [t]rial [c]ounsel ineffective for failure to withdraw [g]uilty plea[] as [Lopez] requested, and failure to file a timely appeal as [Lopez] requested?

Brief for Appellant at 5.

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

In his first claim, Lopez argues that his counsel, Brian Eves, Esquire

("Attorney Eves"), failed to provide effective advice regarding the terms of

Lopez's plea offer.  Brief for Appellant at 9.  Lopez contends that he was

misinformed about the applicable sentencing guidelines and offense gravity

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

score. *Id.* Lopez asserts that he would have received a lesser sentence but for Attorney Eves's ineffectiveness. *Id.* at 11.

To succeed on an ineffectiveness claim, Lopez must demonstrate by a preponderance of evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hannible*, 30 A.3d 426, 439 (Pa. 2011).

> [A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. … The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made.

*Commonwealth v. Willis*, 68 A.3d 997, 1001–02 (Pa. Super. 2013) (citations, brackets, and quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?

- 3 -

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and quotation marks omitted). Furthermore, the oral colloquy may be supplemented by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

Here, Lopez stated that he understood the nature of the charges to which he pled guilty. Guilty Plea Colloquy, 11/7/14, at 3; N.T., 11/7/14, at 7. Lopez also understood the factual basis of the underlying charges. N.T., 11/7/14, at 8-13. Lopez acknowledged that he had a right to a trial by jury and that he was presumed innocent until found guilty. Guilty Plea Colloquy, 11/7/14, at 3-4. Moreover, Lopez confirmed that he was aware of the permissible ranges of sentences and/or fines for the offenses charged, and

that the trial court judge was not bound by the terms of the plea agreement. Guilty Plea Colloquy, 11/7/14, at 7; N.T., 11/7/14, at 5-7. Lopez further stated that he was not forced or threatened to plead guilty, and that he was satisfied with Attorney Eves's representation. Guilty Plea Colloquy, 11/7/14, at 8; N.T., 11/7/14, at 7-8.

Lopez does not contest that he had read and fully understood the implications of his guilty plea, including the sentences he could have received pursuant to his plea bargain. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy."); *see also Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that the appellant voluntarily entered a guilty plea where he read the guilty plea colloquy and understood the basic tenets of the guilty plea). Based on the totality of the circumstances, we conclude that Lopez knowingly and voluntarily entered his guilty plea. *See Commonwealth v. Munson*, 615 A.2d 343, 349 (Pa. Super. 1992) (stating that the appellant's guilty plea was entered voluntarily where a full and complete guilty plea colloquy was conducted); *see also Muhammad*, 794 A.2d at 384 (stating that the appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty). Thus, because Lopez voluntarily entered his guilty plea, his first ineffectiveness claim is without arguable merit. *See McCauley*, 797 A.2d at 922 (Pa. Super. 2001) (stating

that "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.").

In his second claim, Lopez argues that Attorney Eves was ineffective in failing to withdraw Lopez's guilty plea and file a timely appeal, which was explicitly requested by Lopez. Brief for Appellant at 12-13. Here, while the PCRA court held a hearing on Lopez's PCRA Petition, Lopez failed to request a transcript of the hearing. **See** Pa.R.A.P. 1911(a); **see also Commonwealth v. Steward**, 775 A.2d 819, 833 (Pa. Super. 2001) (holding that the appellant is responsible for requesting all transcripts necessary for the disposition of his appeal).[2] Without the transcript of Lopez's PCRA hearing, we cannot conduct a proper review of the claim and thus conclude that the issue is waived. **See Commonwealth v. Hallock**, 722 A.2d 180, 182 (Pa. Super. 1998).[3]

---

[2] We note that Lopez's *pro se* status at the time he filed the Notice of Appeal does not excuse his deviation from our rules of procedure. **See Commonwealth v. Spuck**, 86 A.3d 870, 874 (Pa. Super. 2014) (stating that "*pro se* litigants [must] comply substantially with our rules of procedure.").

[3] The PCRA court stated that at the PCRA hearing, Attorney Eves testified that he did not believe Lopez had ever contacted him to request an appeal. **See** PCRA Court Opinion, 11/30/16, at 10. Moreover, he testified that there was no reason to believe that Lopez wanted an appeal because they had discussed the plea offer prior to Lopez's plea and sentencing hearings, and Lopez was sentenced according to the terms of the plea offer. **Id.** at 10-11. The PCRA court found that Lopez was unable to prove that he requested an appeal or that the failure to file an appeal was the result of ineffectiveness. **Id.** at 10-12.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/18