J-S36025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVEN BRADY HALL | : | |
| | : | |
| Appellant | : | No. 1951 MDA 2018 |

Appeal from the PCRA Order Entered November 13, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000980-2016

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 16, 2019**

Appellant, Steven Brady Hall, appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm in part and vacate in part.

The PCRA court set forth the following factual recitation relevant to our disposition of the case in its August 29, 2018 opinion:

> On February 9, 2015, [Appellant] was charged with multiple sexual assault counts by criminal complaint filed in Dauphin County.  These charges stemmed from incidents with [Appellant's] step-daughter, A.M., that occurred in June and July of 2014.  On February 19, 2016, [Appellant] was charged with multiple sexual assault counts in Franklin [C]ounty as a result of incidents in the spring of 2012 with V.P., the daughter of [Appellant's] former girlfriend.
>
> [Appellant] subsequently entered into a global plea agreement with prosecutors from both counties.  Under the terms of the agreement, he pleaded guilty in Dauphin County to unlawful

_____

*   Retired Senior Judge assigned to the Superior Court.

contact with a minor, corruption of minors, and indecent assault on March 9, 2017, and aggravated indecent assault of a child in Franklin County on March 29, 2017.[1]

Trial Court Opinion, 8/29/18, at 1.

In its Pa.R.A.P. 1925(a) Opinion, the trial court summarized the procedural history as follows:

On May 11, 2017, [Appellant] was sentenced in Dauphin County to four to eight years' incarceration, followed by five years' probation. On May 31, 2017, this [c]ourt imposed a sentence of six to twelve years' incarceration, to run consecutive to the period of incarceration imposed in Dauphin County, followed by five years' probation, to run consecutive to the probationary period of the Dauphin County sentence.

On June 12, 2017, [Appellant] filed a Post-Sentence Motion to Modify Sentence. By Opinion and Order entered September 14, 2017, this [c]ourt modified [Appellant's] sentence to the extent that the prohibition on [Appellant's] contact with minors was amended to permit [Appellant] to have supervised contact with his own minor children. Additionally, this [c]ourt recognized that the special conditions imposed are applicable to the probationary term of [Appellant's] sentence, but merely advisory in nature with respect to the parole term.

On April 27, 2018, [Appellant] filed a timely *pro se* Motion for Post-Conviction Relief ("the Petition"), alleging that his sentence violated double jeopardy protections and that the terms of his probation were unduly restrictive. Attorney Mark F. Bayley, Esq., was thereafter appointed to assist [Appellant] in furtherance of his PCRA claims. On August 21, 2018, Attorney Bayley filed a Motion to Withdraw and a "no merit" letter pursuant to

---

[1] In Dauphin County, Appellant pled guilty to unlawful contact with a minor, 18 Pa.C.S. § 6318, an offense which required him to register as a Tier II offender, corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii), and indecent assault, 18 Pa.C.S. § 3126(a)(1), offenses which required him to register as a Tier I offender. In Franklin County, Appellant pled guilty to aggravated indecent assault of a child, 18 Pa.C.S. § 3125(b), which required him to register as a Tier III offender.

Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988)[,] and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988).

Upon consideration of Attorney Bayley's correspondence and our independent review of the record and the law, this [c]ourt entered an Order and Opinion on August 29, 2018, granting Attorney Bayley's Motion to Withdraw and notifying [Appellant] of our intent to dismiss [the] Petition without a hearing on grounds that his claims lack merit. [Appellant] did not file a response, and [the] Petition was dismissed by Order dated November 9, 2018, and entered November 13, 2018.

On November 29, 2018, [Appellant] filed the instant Notice of Appeal.[2] On the same date, this [c]ourt directed [Appellant] to file a Concise Statement of Matters Complained of on Appeal. On December 28, 2018, this [c]ourt received correspondence from [Appellant] wherein [Appellant] sought additional time to file a concise statement. This [c]ourt granted [Appellant's] request on January 2, 2019. [Appellant] subsequently filed a Concise Statement on January 16, 2019.

Opinion *sur* Pa.R.A.P. 1925(a), 1/24/19, at 1–3 (footnote omitted).

Appellant presents the following questions for our review, which we set

forth *verbatim*:

1. Wether the lower court erred in not joining his two cases together under rule Pa.R.Crim. 555. Or any other joinder rule pertaining to same criminal episode.

2. Whether P.C.R.A Counsel for Appellant was ineffective for failing to amend Appellants P.C.R.A. claim after Appellant was made aware of the Commonwealth v. Muniz case which prohibited SORNA to be applied retroactively.

3. Whether the lower court erred by Ordering Appellant to comply and abide by the registration and notification requirements of

---

[2] We note that although Appellant pled guilty and was sentenced for crimes committed in two counties, Dauphin County Docket Number 2735-2015, and Franklin County Docket Number 980-2016, only the appeal from the Franklin County docket is before us.

SORNA when the criminal case's involved in his plea agreement between Franklin County (docket 980-2016) and Dauphin County (docket 2735-2015) occurred between June and August of 2008 and the Spring of 2012.

4. Whether the lower court unjustly prohibited the Appellant from consuming alcohol?

5. Whether the lower court erred in restricting Appellant from accessing social media websites.

6. Whether the lower court erred without cause to "limit the use of electronic devices" when no electronic devices were used in the crime and whether the court erred in stating that said devices are subjected to random searches for no reason other than appellant being convicted of a sexual offense.

7. Whether the lower court erred by having to possibly at some point in time submit to polygraph testing and counseling when he was not deemed to be a sexually violent predator and nothing supports that he would need such testing/counseling when crimes happened in 2008 and 2012.

8. Was the trial Counsel for Appellant ineffective by not advising that Appellant may plead nolo contender verses a guilty plea. Was Counsel also ineffective by stating that Appellant MUST state on the record that he did digitally penetrate the genitals of a underage minor female before the judge would accept his plea agreement.

9. Was Trial Counsel ineffective by not moving to file motions to transfer his case to Dauphin County to be joined with that case, in which the Appellant was hoping for.

10. Whether the lower courts erred in restricting Appellant from possessing or viewing any pornographic materials, visiting adult bookstores, attend strip clubs or attend massage parlors etc.

11. Whether the lower court erred when at the time of Appellants guilty plea it was agreed by the District Attorney and Appellant and his Attorney that the restriction of minors would be that Appellant have -NO UNSUPERVISED VISITS with anyone under 18 years of age.

12. Did the lower court error in applying "any programs prison/probation officials deem necessary?

13. Whether the negotiated plea agreement the Appellant signed was completely legal and without legal error.

Appellant's Brief at unnumbered 1–11.

At the outset, we note that Appellant's brief fails to conform to the requirements set forth in Pa.R.A.P. 2111.[3]   Indeed, Appellant's brief is composed of thirteen unnumbered pages and lacks all of the requirements set forth in Rule 2111.  Moreover, Appellant has failed to provide a single citation to the record, and the majority of his brief is composed only of questions or statements of error with no additional discussion and no citation to relevant authority.  Appellant failed to set forth any discussion of the PCRA and failed to establish that his claims fall under the umbrella of the PCRA.  We also note

_____

[3] Pursuant to Pa.R.A.P. 2111, an appellate brief must contain:

(1) Statement of jurisdiction. (2) Order or other determination in question. (3) Statement of both the scope of review and the standard of review. (4) Statement of the questions involved. (5) Statement of the case. (6) Summary of argument. (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable. (8) Argument for appellant. (9) A short conclusion stating the precise relief sought. (10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule. (11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered. (12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111.

that Appellant filed two Pa.R.A.P. 1925(b) statements of matters complained of on appeal, one on December 26, 2018, containing five allegations of error, and a second statement, filed on January 16, 2019, containing fifteen allegations of error.

Although this Court will liberally construe the materials filed by a *pro se* litigant, "*pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Freeland***, 106 A.3d 776 (Pa. Super. 2014). In the instant case, "the defects 'are not mere matters of form or taste, [but] are the complete absence of those material sections of the brief which facilitate appellate review' so that 'we find our ability to conduct appellate review severely impaired.'" ***Commonwealth v. Drew***, 510 A.2d 1244, 1245 (Pa. Super. 1986) (quoting ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982)). Indeed, this Court will not become Appellant's counsel when issues are neither properly raised nor developed; rather, we will not consider the merits of the issues raised therein.[4] ***Drew***, 510 A.2d at 1245.

---

[4] We also note that although Appellant's brief purports to raise fifteen issues, he has done nothing more than set forth the issue and/or failed to engage in any meaningful discussion of eleven of the fifteen issues; thus, those issues are waived. ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1289 (Pa. Super. 2018). As to the issues Appellant addresses relating to joinder and the terms of his probation, he fails to cite and discuss relevant case law or relies upon factual averments without citation to the record; thus, those issues are waived as well. ***See id***.

Although we find that Appellant's brief is so deficient that it prevents appellate review, we discern one issue relating to Appellant's registration as a Tier III offender under the Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41 ("SORNA"), that we are compelled to address.[5] Appellant argues that he was incorrectly subjected to SORNA's registration requirements because the statute was not in effect when he assaulted V.P. Appellant's Brief at unnumbered 6.

In the instant case, Appellant pled guilty to aggravated indecent assault as to the incident in Franklin County against V.P., which occurred in the spring of 2012. Following our review of the record, it appears that Appellant was sentenced under SORNA. *See* N.T. (Sentencing), 5/31/17, at 26 (stating that Appellant is subject to SORNA requirements). Thus, as part of his sentence, Appellant was required to register as a Tier III offender under SORNA.[6] 42 Pa.C.S. § 9799.14(d)(7) and § 9799.15(a)(3).

It is well established under ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), and its progeny that retroactive application of SORNA's

---

[5] Even if Appellant had not identified the issue, we would raise the issue *sua sponte* because it relates to the legality of sentence, which cannot be waived, provided this Court has jurisdiction. ***Commonwealth v. Adams-Smith***, 209 A.3d 1011, 1021 (Pa. Super. 2019). In the instant case, Appellant filed his PCRA petition within one year after his judgment of sentence became final; thus, his petition is timely and we have jurisdiction. 42 Pa.C.S. § 9545.

[6] Although Appellant was designated a Tier III offender, he was not designated a sexually violent predator.

registration requirements violates the *ex post facto* clauses of the Pennsylvania and United States Constitutions. Specifically, the Court in **Muniz** explained that the reporting and registration requirements under SORNA are punitive in nature and their retroactive application to offenses committed prior to SORNA's effective date, December 20, 2012, violates the *ex post facto* clauses. **Muniz**, 164 A.3d at 1193. Further, this Court has held that it is SORNA's effective date, December 20, 2012, not its enactment date, December 20, 2011, which triggers both SORNA's application and the analysis under the *ex post facto* clauses. **Commonwealth v. Lippincott**, 208 A.3d 143, 148–149 (Pa. Super. 2019) (*en banc*).

In the instant case, it is undisputed that Appellant committed the crime against V.P. in the spring of 2012, before SORNA's effective date. Thus, in light of the above authority, we are constrained to find that Appellant was improperly subjected to SORNA's requirements as a Tier III offender. **See Adams-Smith**, 209 A.3d at 1024 (acting *sua sponte* and vacating*, inter alia*, the *ex post facto* SORNA registration requirements imposed on the appellant for crimes committed before SORNA's effective date). Accordingly, we affirm the order denying PCRA relief, but we vacate that portion of the judgment of sentence that required Appellant to register as a Tier III offender for life under SORNA, and we remand the case to the trial court to instruct Appellant on the applicable registration and reporting requirements.

Order affirmed; judgment of sentence vacated in part as to SORNA registration and reporting requirements; case remanded with instructions. Jurisdiction relinquished.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2019

---

[7] We reiterate that Appellant's Dauphin County Sentence and corresponding registration requirements at Docket Number 2735-2015 are not before us in this appeal.