J-S64020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRODERICK WAYNE HARRIS | : | |
| | : | |
| Appellant | : | No. 461 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 11, 2015
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001639-2014

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

DISSENTING STATEMENT BY BOWES, J.:                FILED APRIL 07, 2020

I agree with the Majority that Appellant is not entitled to relief.
However, I believe that Appellant's weight-of-the-evidence argument is
sufficiently articulated and developed to allow us to resolve it on its merits, as
is evidenced by the Majority's merits review found in footnote seven.  See
Majority Memorandum at 7-8 n.7 (detailing why the trial judge's denial of

_____

[*] Retired Senior Judge assigned to the Superior Court.

relief was not an abuse of discretion). I would affirm Appellant's judgment of sentence for the reasons articulated in note seven.[1]

Even if I did agree with the Majority's finding of waiver based upon inadequate development of the Appellant's argument, I would still affirm upon the waiver finding rather than dismiss the appeal. Compare Commonwealth v. Cannavo, 199 A.3d 1282, 1289 (Pa.Super. 2018) (While affirming the judgment of sentence we noted that "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." (cleaned up)); with Commonwealth v. Drew, 510 A.2d 1244, 1245 (Pa.Super. 1986) (quashing appeal pursuant to Pa.R.A.P. 2101 where the appellant's brief was "in almost total noncompliance with the rules related to form and content of appellate brief") (emphasis added). See also Kern v. Kern, 892 A.2d 1, 6 (Pa.Super. 2005) (providing dismissal pursuant to Rule 2101 is appropriate "only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal"). Since we are able to discern the issues argued on appeal, dismissal is not the appropriate disposition.

_____

[1] Furthermore, given our Supreme Court's holding in Commonwealth v. Reed, 971 A.2d 1216, 1220 (Pa. 2009), that alternative holdings become the law of the case, I believe this Court should decline to opine as to merits of an argument that it deems severely deficiently developed so as not to impact the criminal defendant's ability to seek post-conviction relief based upon ineffective assistance of counsel. See, e.g., Commonwealth v. Aikens, 990 A.2d 1181, 1184 (Pa.Super. 2010) (applying Reed to hold that truncated merits review of waived issue on direct appeal precluded PCRA relief on claim that counsel was ineffective in failing to preserve issue).

Accordingly, I respectfully dissent.