J-A06021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GARY L. GREGG AND MARY E. GREGG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 628 WDA 2021 |
| AMERIPRISE FINANCIAL, INC., | : | |
| AMERIPRISE FINANCIAL SERVICES, | : | |
| INC., RIVERSOURCE LIFE | : | |
| INSURANCE COMPANY AND ROBERT | : | |
| A. KOVALCHIK | : | |

Appeal from the Order Entered April 29, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD01-6611

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED:  June 30, 2022**

Appellants Gary L. and Mary E. Gregg ("the Greggs") appeal from the order directing Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., Riversource Life Insurance Company, and Robert A. Kovalchik ("the insurance companies"), to pay attorney fees to the Greggs.  We affirm.

In 1999, Robert A. Kovalchik ("Kovalchik"), a financial advisor, solicited the Greggs as clients.  The Greggs followed Kovalchik's advice and liquidated their insurance policies, surrendered their existing IRAs, placed their assets in

_____

[*] Retired Senior Judge assigned to the Superior Court.

an IDS Life Insurance policy ("the IDS policy"),[1] and authorized an automatic checking account withdrawal to pay the savings portion of the IDS policy and to fund two IRAs as Kovalchik recommended.[2] When it was not possible for all of the Greggs' liquidated prior insurance policy funds to go into the IDS policy, Kovalchik told them that he would deposit the majority of that money into the IDS policy. Instead, he put some of that money into the IRAs, and later diverted the majority of the remaining money into a growth fund, without informing them. The Greggs sent $200 every month to Kovalchik to pay for the IDS policy. Instead of doing so, Kovalchik put the money in the growth fund, which paid him commissions. ***Gregg v. Ameriprise Financial, Inc.***, 195 A.3d 930, 934 (Pa. Super. 2018), *affirmed*, 245 A.3d 637, 641 (Pa. 2021).

The Greggs received notice in 2001 that the insurance companies had violated the law. They sued, alleging fraudulent misrepresentation, negligent misrepresentation, and violation of the Uniform Trade Practices Consumer Protection Law ("UTPCPL").[3] ***Gregg***, 195 A.3d at 934.

The fraudulent and negligent misrepresentation claims were tried by a jury, and the insurance companies were found not liable. Relying on the same

---

[1] The insurance companies, the Appellants in this case, later acquired IDS.

[2] At Kovalchik's direction, the Greggs forewent enrolling in an Air Force-provided plan that would have provided Mrs. Gregg benefits if her husband predeceased her.

[3] ***See*** 73 P.S. § 201-1.-10.

- 2 -

trial record, the trial court found that Kovalchik had violated the UTPCPL by not clearly and fully explaining the IDS policy to the Greggs, which caused their detrimental reliance on the insurance companies.[4]  The trial court ordered the insurance companies to pay approximately $50,000 in UTPCPL damages to the Greggs.  *Id*. at 935.

The Greggs submitted a petition for attorney fees under the UTPCPL. After briefing and oral argument from the parties, the trial court set fees for the Greggs' attorneys Kenneth R. Behrend, Esquire ("Attorney Behrend") at $400 per hour, and Kevin M. Miller, Esquire ("Attorney Miller") at $275 per hour, for a total fee of approximately $70,000, to be paid by the insurance companies.  Trial Court Opinion, 4/29/21, at 2.

The insurance companies appealed the trial court's factual finding of UTPCPL liability.  After six years of appellate litigation, this Court affirmed the judgment on the basis that the jury's finding that the insurance companies were not liable on the Greggs' common law claims did not preclude the trial court from finding those companies liable under the UTPCPL for deceptive conduct, and our Supreme Court affirmed.  *Gregg*, 195 A.3d at 940, *affirmed*, 245 A.3d at 641.

---

[4] The UTPCPL's provision for private actions allows a trial court to assess and award actual damages for violations of the statute.  *See* 73 P.S. § 201-9.2 (a).  The statute also authorizes the trial court to award reasonable attorney fees.  *Id*.

- 3 -

At the conclusion of the appellate litigation, the Greggs filed petitions seeking additional attorney fees incurred in the appellate litigation. Attorney Behrend petitioned for an hourly rate of $700. Attorney Miller requested $550 per hour. The insurance companies proposed a range between $400 and $500 for Attorney Behrend, and $235 to $318 for Attorney Miller. Each side submitted affidavits from experts stating their opinions of reasonable fees in a UTPCPL case in Western Pennsylvania for appellate litigation attorneys with comparable experience to Attorneys Behrend and Miller. The trial court conducted a hearing at which it heard the testimony of the parties' experts. The Greggs' expert advocated for higher fees based on Attorneys Behrend's and Miller's experience, the limited number of attorneys willing to take on UTPCPL contingent fee cases, society's interest in the prosecution of such cases, and the difficulty of such cases. *See* N.T., 4/23/21, 36-44. The insurance companies' expert advocated for lower fees consistent with annual increases for law firm associates in Western Pennsylvania. *See* N.T., 4/23/21, 86-93.

On April 29, 2021, the court issued its memorandum opinion, ordering an hourly fee for Attorney Behrend of $550, and $375 for Attorney Miller, for a total of approximately $301,000, a figure it found proportional to the damages award to the Greggs. *See* Trial Court Opinion, 4/29/21, at 12-13. The court also struck a total of 3.8 hours of Attorney Behrend's time as unbillable administrative time. *Id*. at 8-10. The trial court found that the

complexity and novelty of the issues in the case and the uncertainty of compensation supported the grant of a significant fee increase above the rate it had granted Attorneys Miller and Behrend for their trial work. *Id.* at 7. It found, however, that despite the complexity of the case, the uncertainty of compensation, and Attorneys Behrend's and Miller's continuing work in the UTPCPL field, the attorneys had not demonstrated that it was reasonable to award the "dramatic increases" in hourly rates they sought for their appellate work: a requested increase from $400 to $700 per hour for Attorney Behrend, and a requested increase from $275 to $550 per hour for Attorney Miller. *Id.* at 6-7.

The Greggs filed a timely notice of appeal.[5] The trial court did not order a Rule 1925(b) statement of errors complained of on appeal, and did not file

_____

[5] On July 30, 2021, this Court issued a rule to show cause why the appeal should not be quashed pursuant to Pa.R.Civ.P. 227.1 ("Rule 227.1"), because the Greggs had not filed post-trial motions. The Greggs filed a response. The rule was discharged and referred to this panel for disposition.

To determine whether Rule 227.1 mandates post-trial motions after a "proceeding," appellate courts consider whether: (1) the plain language of the rule requires the motion; (2) case law requires the motion; and (3) practicing attorneys would reasonably consider the motion necessary. *G&G Investors, LLC v. Phillips Simmons Real Estate Holdings, LLC*, 183 A.3d 472, 477 (Pa. Super. 2018). Neither Rule 227.1 nor the case law explicitly requires a post-trial motion in fee-shifting petitions filed post-hearing. Thus, it is unclear whether practicing attorneys would reasonably consider a Rule 227.1 motion necessary in this case. Because the trial court here referred to the proceeding as a "hearing," and because fee petitions are ancillary to trials, *see Samuel-Bassett, v. Kia Motors America, Inc.*, 34 A.3d 1, 49 (Pa. 2011), we decline to find that the parties would reasonably have expected the need to file post-

- 5 -

a 1925(a) opinion. Its opinion and order awarding attorney fees disposes of all claims and parties, and constitutes a final order from which appeal may be taken. *See* Pa.R.A.P. 341(b)(1).

The Greggs present the following issues for our review:

1. The legal standards for setting hourly rates in UTPCPL cases was [sic] set forth by this Court in **Sewak v. Lockhart**, 699 A.2d 755 (Pa. Super. 1997). The trial court determined that since it awarded an hourly rate six years ago, the method for determining the current hourly rate was limited to an annual percentage increase from the prior rate to the exclusion of the **Sewak** factors. Did the trial court err?

2. Counsel fees are awarded for preparing a fee petition. While preparing the fee petition, attorneys must use their experience and skill to perform a "billing judgment" review to qualitatively analyze the time entries and remove any which are redundant, excessive, or administrative. Attorneys' use of experience and skill is not an administrative function. Did the trial court err by denying counsel fees for time associated with "billing judgment" on the basis that it was administrative?

Greggs' Brief at 6.

The Greggs' first issue asserts that the trial court erred by constraining its award of fees to an annual percentage increase from its 2015 award to the exclusion of the **Sewak** factors. They argue that the trial court failed to consider their attorneys' increase in expertise between trial and the conclusion of the appellate process. They also assert that in their trial fee petition, Attorneys Behrend and Miller deliberately undervalued their services in the

---

trial motions. We therefore decline to quash the appeal on the basis of Rule 227.1.

- 6 -

hopes of forestalling appellate litigation, and that undervaluation should not limit the award of appellate attorney fees.

Appellate review of a trial court's order awarding attorney fees is limited to determining whether the trial court palpably abused its discretion in making a fee award. If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of attorney fees, such award should not be disturbed on appeal. **See Thunberg v. Strause**, 682 A.2d 295, 299 (Pa. 1996) (citations omitted).

The purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices. **See** 73 P.S. §§ 201-2., 201-3. To facilitate that goal, in addition to other relief, the statute permits a court to award costs and reasonable attorney fees. **See** 73 P.S. § 201-9.2(a); **see also Krishnan v. Cutler Group, Inc.**, 171 A.3d 856, 871 (Pa. Super. 2017). In cases involving a lawsuit that includes claims under the UTPCPL, a trial court considers the following factors when assessing the reasonableness of counsel fees:

> (1) [t]he time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case; (2) [t]he customary charges of the members of the bar for similar services; (3) [t]he amount involved in the controversy and the benefits resulting to the clients from the services; and (4)[t]he contingency or certainty of the compensation.

**Sewak v. Lockhart**, 699 A.2d 755, 762 (Pa. Super. 1997), *abrogated on other grounds*, 245 A.3d 637, 648 (Pa. 2021).

The determination of reasonable attorney fees is a case-specific endeavor. *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 978 (Pa. Super. 2011). A trial court's fee award will not be disturbed absent a clear abuse of discretion. *See Sewak,* 699 A.2d at 762. To demonstrate an abuse of discretion, an appellant must show manifest unreasonableness, partiality, prejudice, bias, ill-will, or a lack of support in the law or record for a fee award to be clearly erroneous. *See Samuel-Bassett*, 34 A.3d at 51.

The trial court considered the Greggs' first argument and concluded that it lacked merit in light of its consideration and application of the *Sewak* factors. *See* Trial Court Opinion, 4/29/21, at 4, 13. Concerning the first *Sewak* factor, "the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the case," the trial court expressly stated that it had rejected the insurance companies' proposed attorney fee range because it failed to take into account the fact "that fee-shifting cases under the UTPCPL involve complex and sometimes novel issues that can take many years to resolve through the appellate courts. . . ." *Id*. at 7. The trial court also found the number of hours the Greggs' attorneys worked on the case to be reasonable "in light of the complexity and novelty of the issues." *Id*. at 13.

Concerning the second *Sewak* factor, "the customary charges of the members of the bar for similar services," the trial court considered the Greggs' expert's testimony that they were entitled to a substantially higher appellate

fee rate than their trial fee and the insurance companies' proposed fee structure, which suggested that the proper benchmark was the annual salary increases at a fifty-five-person law firm. **See** N.T., 4/23/21, 123-25. The trial court declined to accept either proposed method of calculation. It found that the Greggs' expert had not shown Attorneys Behrend's and Miller's entitlement to increases of $300 per hour and $250 per hour respectively above their trial fees. **See** Trial Court Opinion, 4/29/21, at 5-6. It also found that the insurance companies' expert's proposed fee rate, based on annual law firm salary increases, failed to account for the novelty of UTPCPL cases and the contingent nature of recovery. **Id**. at 7. Moreover, at the fee hearing, the trial court demonstrated that the insurance companies' expert had recommended an hourly fee lower than that suggested by his own statistical model. **See** N.T., 4/23/21, 117-121. To set reasonable attorney fees, the court also looked to the range of reasonable attorney fees that had been awarded in recent UTPCPL cases, **see id**. at 122-123 (noting that three courts in recent UTPCPL cases had awarded hourly rates of $400, $600, $550, respectively). Having conducted its review, the trial court concluded that the hourly attorney fees it set - $550 for Attorney Behrend and $375 for Attorney Miller - were "reasonable and comparable to the hourly rates approved for [the Greggs' counsel] in similar cases involving UTPCPL claims." **See** Trial Court Opinion, 4/29/21, at 6.

Concerning the third **Sewak** factor, "the amount involved in the controversy and the benefits resulting to the clients from the services," a factor that also involves an assessment of the proportionality between the award of damages and the attorney fees, **see Richards v. Ameriprise Financial, Inc.**, 217 A.3d 854, 870-71 (Pa. Super. 2019), the trial court declared that its award was consistent with the legislature's goal to punish and deter unfair and deceptive business practices. **See** Trial Court Opinion, 4/29/21, at 13. The trial court also explained that its award was consistent with awards in other UTPCPL cases. **See id**. at 5-6. Finally, it found that its attorney fees award would pass a test of the proportionality of the damages and fee awards, even though such test was less relevant here where the fees arose not from trial litigation but appellate litigation the insurance companies occasioned. **See id**. at 12.

The trial court applied the final **Sewak** factor, "the contingency or certainty of the compensation," when it faulted the insurance companies' proposal's failure to consider the complex and sometime novel nature of UTPCPL cases and "that recovery is not guaranteed in these cases." **Id**. at 7. **See also id**. at 13 (citing the UTPCPL's goal to punish and deter unfair and deceptive business practices "and to encourage experienced attorneys to litigate such cases, even where recovery is uncertain") (citation omitted).

The trial court specifically considered that Attorneys Behrend and Miller were "well-seasoned at the top of their field of UTPCPL cases" when it first

awarded attorney fees in 2015 for the trial. *See* Trial Court Opinion, 4/29/21, at 6. However, their continued work on UTPCPL rates did not, in the trial court's view, support the significant increase in attorney fees they sought in 2021. *See id*. The trial court rejected the Greggs' argument that counsel had previously undervalued their legal services when applying for attorney fees incurred before and through trial. *Id*.

We discern no abuse of discretion in the trial court's ruling. The trial court's opinion and the hearing on the attorney fees petition both demonstrate that the trial court did not rely on a purely mathematical formula in setting Attorney Behrend's and Attorney Miller's hourly rates in this case, and properly weighed all four *Sewak* factors. Specifically, the trial court acknowledged the novelty and complexity of the issues in this case, considered numerous proposed methods for determining reasonable rates, recognized the benefits to the Greggs of the case, and rejected the insurance companies' proposed rates that failed to factor in the contingency and uncertainty of recovery in a UTPCPL case. *See Sewak*, 699 A.2d at 762.

The Greggs' own expert testified that a trial court has the ultimate responsibility to determine a reasonable fee: "[I] can certainly see why one judge might see it one way and another judge see it the other way. In some respects, it is more of an art than a science." N.T., 4/23/21, at 62-63 (testimony of expert Honorable Ralph J. Cindrich).

Similarly, we do not find an abuse of discretion in the trial court's rejection of the Greggs' assertion that their attorneys deliberately undervalued their services when petitioning for trial fees, and that that undervaluing supported the grant of a higher appellate attorney fees. The record shows that the Greggs' attorneys expressly requested the precise trial fee rates they received: $400 for Attorney Behrend and $275 for Attorney Miller. *See* Greggs' Post-Verdict Motion, 1/6/15, at 9. In fact, Attorneys Behrend and Miller affirmatively argued that the rule of coordinate jurisdiction mandated that they receive those rates because they had received them in another case against the same parties. *See* Greggs' Reply Brief, 2/6/15, at 2. The record, therefore, refutes the assertion that the attorneys had previously undervalued their services.

Because the hourly appellate fees the trial court awarded – $550 for Attorney Behrend and $375 for Attorney Miller – represented a significant increase over their prior fee request, we find no basis in the record to conclude that the trial court failed to properly weigh their additional UTPCPL experience between trial and appeal. Rather, the record supports the trial court's conclusion that the Greggs did not adequately explain or justify the requested hourly increases of $300 for Attorney Behrend and $275 for Attorney Miller, where the court had already recognized them as being at the top of the field of UTPCPL cases when it awarded trial fees. *See* Trial Court Opinion, 4/29/21, at 6.

The trial court's attorney fees determination considered all of the **Sewak** factors and did not constrain its award to an annual percentage increase to the exclusion of those factors. Thus, we conclude that the trial court did not abuse its discretion in awarding hourly attorney fees of $550 to Attorney Behrend and $400 to Attorney Miller.

In their second issue, the Greggs assert that the trial court abused its discretion by striking 4.7 hours[6] of Attorney Behrend's requested time as billing judgment review. Greggs' Brief at 61.

It is an appellant's duty to comply with our rules of appellate procedure, and non-compliance may result in dismissal of the appeal. **Commonwealth v. Drew**, 510 A.2d 1244, 1245 (Pa. Super. 1986). An appellant's duty requires it to present arguments that are sufficiently developed for our review. **See** Pa.R.A.P. 2119(a). An appellant's brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. **See id.; see also Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Hardy**, **id**. If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. **See Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that an appellant's failure to support his claim with factual

---

[6] The actual amount of time excluded on that basis was 3.8 hours. **See** Trial Court Opinion, 4/29/21, at 8-9.

background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim) (citation omitted).

The Greggs' brief fails to conform to our appellate rules, thereby hindering our review of this issue, and resulting in waiver. ***Gould***, 912 A.2d at 873. The Greggs' only discussion of the facts of the case is their assertion that Attorney Behrend used the time excluded by the trial court to remove time not chargeable to the insurance companies. However, the brief does not provide a factual background of the claim or citations to the record. Specifically, it provides no factual assertions about: the nature of Attorney Behrend's billing judgment review, how many hours Attorney Behrend excluded as a result of that billing review, or how much of the time Attorney Behrend devoted to billing review the trial court determined was properly billable. We decline to act as counsel for the Greggs and to relate the facts of their case to the law. Their failure to provide factual background and citations to the record hinders our ability to assess their claim that the trial court abused its discretion in its selective excision of attorney time relating to billing. Accordingly, the claim is waived.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/30/2022</u>